## CITY OF WHITEWRIGHT V. JOHN M. TAYLOR.

### Decided April 7, 1900.

1. **Practice on Appeal—Special Issues—Presumption.**

Where a case was submitted on special issues, and there is no statement of facts in the record, it will be presumed in reference to an issue that was not submitted nor requested to be submitted, that sufficient evidence was adduced to support a finding in plaintiff's favor thereon. Rev. Stats., art. 1331.

2. **Municipal Corporation—Liability for Defective Bridge in Street.**

The mere stopping of one passing over a public street to converse with another, and leaning against the railing of a bridge that forms a part of the highway, thus bringing about a fall because of defect in the railing, does not, per se, and on the ground that he was not using the bridge for its proper purpose, forfeit the protection from injury that is enjoined upon cities to properly construct and keep in repair their streets.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*Rubell & Truett* and *Head, Dillard & Muse,* for appellant.

*Sidney Wilson, F. L. Montgomery,* and *W. L. Hay,* for appellee.

RAINEY, CHIEF JUSTICE.—This action was instituted by appellee against appellant, city of Whitewright, to recover damages for personal injuries alleged to have been caused by the negligence of appellant.

The case was submitted to a jury on special issues, and upon their findings a judgment was rendered for plaintiff and defendant appeals.

There is no statement of facts in the record, but the court in submitting the issues directed the jury to find the following facts, to wit: "About the time alleged in his petition, plaintiff, who is a man about 40 years of age, and a farmer by occupation, passed along one of the streets of defendant, which is and was then a municipal corporation, incorporated under the general laws of the State as a city; and while the plaintiff was so passing along such street, he came upon a foot bridge about three feet wide crossing a ditch or depression in the street, which said foot bridge had hand railings. The plaintiff met his daughter on said bridge, and stopped to talk with her. While so doing, he leaned against one of the railings of said bridge, which railing gave away, precipitating him to the ground and injuring him." The court then submitted issues as to the defective condition of the bridge, the negligence of the city in relation thereto, the contributory negligence of plaintiff, the extent of plaintiff's injury, the amount of his damages, etc.

The contention of appellant is, that the city was only required to provide bridges for the use of travel thereon, and that when plaintiff was injured, he was not using it for that purpose.

Where a person is injured by a defective street, whether he was using it in a way or for purposes other than those for which it was constructed, is an issue of fact to be passed upon by the jury (or the court, where no jury is demanded), if there is any evidence adduced on the trial raising the issue.

This issue was not submitted to the jury in this case, nor was its submission requested by appellant.

Where a case is submitted on special issues, and the court fails to submit an issue, and no request is made for its submission, it "shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such a finding." Rev. Stats., art. 1331.

Where there is no statement of facts in the record, the presumption on appeal will be indulged that sufficient evidence was adduced on the trial to support the judgment.

If it should be held that the facts found by the jury under the instruction of the court are the only facts proven on the issue raised, we are nevertheless of the opinion there is no error in the judgment. The mere stopping of one passing over a public street to converse with some other person, and leaning against the railing of a bridge that forms a part of the highway, does not, per se, forfeit the protection from injury that is enjoined upon cities to properly construct and keep in proper repair their streets. Langlois v. City of Cohoes, 28 Hun, 226; Murray v. McSham, 36 Am. Rep. (Md.), 267; Varney v. Manchester, 42 Am. Rep. (N. H.), 592; Gullen v. Lowell, 59 Am. Rep. (Mass.), 102; McGrary v. Loomis, 63 N. Y., 104.

There seems to be some conflict of authority on this proposition, and appellant cites authorities that support its position. These authorities, in our opinion, announce a rule too rigid to be applied to this case. The better rule is laid down in the cases cited by us.

The findings of the jury support the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.