**CHARLES v. EL PASO ELECTRIC RY. CO.
et al.   (No. 344–3721.)***

(Commission of Appeals of Texas, Section B.
Oct. 31, 1923.)

**1. Appeal and error ⟨⟩927(7)—Evidence must
be considered in its most favorable aspect
for the losing party, when verdict directed.**

An instructed verdict against the plaintiff
having been given, the evidence must be con-
sidered upon appeal in the most favorable as-
pect for the losing party.

**2. Negligence ⟨⟩33(3)—Seven year old child,
injured playing on ties on sidewalk, not a
trespasser.**

A seven year old child, injured while at
play on cross-ties piled partly on a public side-
walk, is not a trespasser so as to preclude
him from recovering for the injuries sustained.

**3. Negligence ⟨⟩23(1)—Construction company
is required to use ordinary care in placing
things on the street attractive to children.**

While a construction company, doing work
for a street railroad, had the right to use the
streets and sidewalks, it should have contem-
plated that a pile of cross-ties partly on the
sidewalk might attract children to play there-
on, and should have exercised ordinary care
to stack them in a reasonably safe manner for
such use.

**4. Negligence ⟨⟩136(29)—Seven year old
child, injured while playing on sidewalk, not
guilty of contributory negligence as matter
of law.**

A seven year old child, injured while at
play on cross-ties piled partly on a public
sidewalk, is not guilty of contributory negli-
gence as a matter of law.

**5. Negligence ⟨⟩23(1)—Rule that owner can
construct most things on his property with-
out thought of injury to children not appli-
cable to public highways.**

The rule that most things can be construct-
ed by an owner on his property without any
thought of injury to children who may tres-
pass thereon should not be extended to struc-
tures erected wholly or in part upon the public
walks and streets.

**6. Negligence ⟨⟩136(21)—Evidence held to
warrant submission of question of negligence
in piling ties in street to the jury.**

Where a seven year old child was injured
while at play on cross-ties piled partly on a
public sidewalk by company working in the
street evidence *held* sufficient to warrant a
submission of the question of the company's
negligence to the jury.

Error to Court of Civil Appeals of Eighth
Supreme Judicial District.

Action by Ira O. Charles, Jr., against the
El Paso Electric Railway Company and an-
other.   From a judgment of the Court of
Civil Appeals (234 S. W. 695), affirming a
judgment of the district court for the de-

fendants, plaintiff brings error.   Reversed
and remanded.

Lea, McGrady, Thomason & Edwards, of
El Paso, for plaintiff in error.

Goggin, Hunter & Brown, of El Paso, for
defendants in error.

POWELL, J.   About the middle of Jan-
uary, 1920, the El Paso Electric Railway
Company, through its contractors or agents,
in obedience to an instruction from the city
of El Paso, began certain construction work
on Copper street, in order to bring its tracks
to grade in anticipation of an early paving
of that street by the city.   This street was
located in the residential section of the city.

The construction company, in complying
with the order of the city, placed a stack of
ordinary cross-ties near the scene of its op-
erations.   The stack was some five or six
feet high, and was located partially on a va-
cant lot and in part over a portion of the
sidewalk which ran along aforesaid street.
The stack of ties extended over some three
or four feet on the sidewalk.

In a day or so or may be less time after
the ties were so placed, young Charles, seven
years of age, accompanied by a boy friend,
about ten years of age, came along and went
upon the stack of ties in play.   After playing
upon the ties a while, Charles tried to de-
scend to the sidewalk.   In doing so, he pull-
ed one of the ties off on his leg, crushing it.

Shortly thereafter, the injured boy, by his
next friend, entered this suit in the district
court of El Paso county against the railway
company and construction companies to re-
cover damages by way of compensation for
his injuries.

The case was tried before a jury; but, up-
on the conclusion of the evidence, the trial
judge instructed the jury to return a verdict
for the defendants.   This was done, and
judgment entered accordingly.

Upon appeal to the Court of Civil Appeals,
the judgment of the district court was af-
firmed.   See 234 S. W. 695.

The theory of the district court in conclud-
ing there was no liability, as a matter of
law, in this case is not apparent from the
record.   But it is safe to assume it was the
same as that of the Court of Civil Appeals.
The latter court speaks for itself as follows:

"The plaintiff and his companion, after the
manner of boys, were simply upon pleasure
bent.   They selected the pile of ties as a play-
ground, and in our opinion no legal duty rested
upon appellee to so pile the ties as to make
them a safe place to play.   And if no legal
duty of that nature rested upon appellee it is
not liable."

[1] If the company owed this child no du-
ty, there could be no liability in this case.
Did it owe the child any duty?   The facts in
evidence, where there is an instructed ver-

dict, must be considered upon appeal in the most favorable light for the losing party. The Court of Civil Appeals, on rehearing, amended its former fact findings. in several material particulars. In the light of the final action of that court, upon the facts, it seems that the construction company did not block off its working quarters so as to assist in keeping people away, nor did it place any barricade around the stack of ties; nor did it warn Charles not to play thereon. So we simply have a case where a seven year old child is injured while playing, without any protest, from any one, on a stack of ties which was located partially on a sidewalk in the residential portion of a city. Counsel for Charles alleged, among other things, that the ties were negligently stacked, especially at the top, so as to cause one of the top ties on one side of the stack to fall off as a result of the application of the slightest force by the child; that, had ordinary care been exercised by the company, the ties would have been stacked so as to make it perfectly safe for the party in getting down to the sidewalk; that such care should have been exercised by the company to protect a child whose presence and acts should have been reasonably foreseen by the company; that the child could not be held guilty of contributory negligence, as a matter of law, by reason of its act in playing upon the ties and getting down after the play was over.

We think the pleadings and facts in evidence raised several issues which should have been submitted to a jury, and that the trial court erred in withdrawing the case from the jury. The company could be liable in this case if a jury should make the following findings of fact: (1) That the company should have reasonably contemplated that this child, in using a public sidewalk, or trying to use it, would be attracted by this pile of ties, itself situated partly on the sidewalk, and play thereon; (2) that, his action being so in contemplation by the company, the company did not exercise ordinary care to make it safe for such a child who might be so using it; (3) that the child acted as any other ordinarily prudent child, so situated and under the same circumstances, would have acted, in what it did just before and at the time of the accident, and therefore was not guilty of contributory negligence.

[2-5] It is contended by counsel for the company, and held by the Court of Civil Appeals, that this child was a trespasser, as a matter of law, and is without a remedy in this case. We do not think so. This child had a perfect right to be on the sidewalk, and it does not matter from what angle he approached it, or whether he came across a vacant lot to reach it or not. The jury might well have found that the company should have reasonably anticipated the pres-

ence of children on the sidewalk and realized that a stack of ties, when placed most temptingly in their very pathway, might prove an attractive playground to children seven years of age. Construction companies must be given the right to use streets and sidewalks in their work, but they should also be required, while so partially in the streets or upon the sidewalks, to exercise ordinary care for the safety of those who also have a right in the streets and upon the sidewalks. This statement includes children of tender years, and ordinary care must be exercised in placing things there which might be calculated to attract children along the sidewalk. A grown person, having ordinary intelligence, would not need any protection from the results of climbing a pile of ties to play thereon. A company would not expect such conduct. But we are not prepared to admit that a child of seven years should be held guilty of contributory negligence, as a matter of law, because it happens to play upon a pile of ties, accessible to it as was the pile of ties in the instant case. As so many of the courts have held, the decisions have gone far enough when many of them hold that, on one's own premises, most things can be constructed by the owner without any thought of injury to children who may trespass upon such premises. The rule should not be extended to structures erected, in part or wholly, upon public sidewalks and streets. A child might realize that it ought not to go inside of another man's inclosure and play with his property, when that same child might feel at perfect liberty to play upon property located upon the sidewalk where it would naturally be expected to be walking or playing.

Counsel for the plaintiff in error have cited numerous authorities which sustain their position and which position we think sound. See Busse v. Rogers, 120 Wis. 443, 98 N. W. 219, 64 L. R. A. 183; 2 Elliott, Roads & Streets (3d Ed.) § 822; Meibus v. Dodge, 38 Wis. 300, 20 Am. Rep. 6; Gibson v. City of Huntington, 38 W. Va. 177, 18 S. E. 447, 22 L. R. A. 561, 45 Am. St. Rep. 853; Straub v. City of St. Louis, 175 Mo. 413, 75 S. W. 100; District of Columbia v. Boswell, 6 App. D. C. 402; Chicago v. Keefe, 114 Ill. 222, 2 N. E. 267, 55 Am. Rep. 860; McGarry v. Loomis, 63 N. Y. 104, 20 Am. Rep. 510; McGuire v. Spence, 91 N. Y. 303, 43 Am. Rep. 668; 42 Am. Rep. 601, note; Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442, 58 Am. Rep. 508; Kerr v. Forgue, 54 Ill. 482, 5 Am. Rep. 146; Indianapolis v. Emmelman, 108 Ind. 530, 9 N. E. 155; City of Whitewright v. Taylor, 23 Tex. Civ. App. 486, 57 S. W. 311; City of Owensboro v. York, 117 Ky. 294, 77 S. W. 1130; Powers v. Harlow, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154; City of Vicksburg v. McLain, 67 Miss. 4, 6 South. 774.

In the first case cited (Busse v. Rogers)

the Supreme Court of Wisconsin first sets out the facts briefly, as follows:

"The simple facts to be considered in this connection are that a child five years of age was playing upon a pile of timber left by defendants within the limits of the street, and was injured by reason of a timber falling upon her, which had been insecurely placed upon the pile; there being evidence tending to show, and the jury having found, that the insecurity of the timber was an act of negligence on the part of the defendants."

In its opinion, the Wisconsin court goes on to say:

"Does the fact that the child was not then a traveler, but had turned aside for a moment to follow a natural and childish inclination to play, entirely relieve the defendants from liability? This is the simple question presented, and it is not entirely easy of solution. In this case it appeared affirmatively by the evidence that children were accustomed to play in and about the street and the lumber yard to the knowledge of defendants, and to such an extent that the defendants had found it necessary to direct their employés not to allow children to play in the yard for fear they would get hurt. But aside from these facts the fact must also be considered that children do play in the public highways, and will doubtless continue to do so as long as child nature remains the same as it is now. The child who lags unwilling on the way to school and chases a bright-winged butterfly, or plays a game of marbles, or climbs a tempting pile of timber in the highway to play seesaw for a moment, does not thereby become an outlaw, and when injured by another's negligence he cannot be turned aside with the curt remark that he has ceased to travel, and become a trespasser, and hence can complain of no one's conduct. His natural habits and instincts must be in some way and degree recognized. This court has said that 'children playing in the street are entitled to consideration.' Meibus v. Dodge, 38 Wis. 300, 20 Am. Rep. 6. The child has a right in the highway. It must be recognized that he will play therein if occasion offers. Indeed, we would not have it otherwise. The man or woman who would wish to wholly stop the flow of childish spirits while on the highway, and turn the little ones into men and women before their time, must either have had no childhood of his own or must have forgotten the fact. It would not be accurate to say that the streets are made for children to play in, but it would be equally inaccurate to say that a property owner can totally disregard the fact that children always have, and probably always will, play therein. He cannot lawfully lay anything like a trap for the child upon the highway, and escape the consequences by saying that the child would not have been injured had he confined himself to traveling exclusively. The case of Meibus v. Dodge, just cited, is an illustration of the principle. In this case a man left a dog, which he knew to be ferocious, in his sleigh upon the public street, and a child passing upon the sidewalk turned aside and meddled with the whip in the sleigh, and the dog threw him down and bit him. A judgment for the plaintiff was affirmed. The con-

tention here was that the child was committing a trespass when he meddled with the whip, and hence was entitled to no protection; but the argument was rejected, and it was said that the act of the child was one which might well be anticipated; that the child did not forfeit all claims to protection simply because he turned aside for a moment and touched the whip; and that the defendant had no right to leave a dog, which he knew to be ferocious, unsecured in the public street, where children were liable to be passing, and might be reasonably expected to indulge in such childish acts as the one in question. We regard the reasoning of the case as quite satisfactory, and in substance applicable to the present situation. The central idea is that children are liable always to be upon the public streets, and also are liable to turn aside from traveling and play or meddle with attractive things left thereon; and a reasonable man must bear this fact in mind, and hence may not negligently or willfully place upon the street a dangerous animal or trap well calculated to arouse the admiration or curiosity of a child, and, when it has accomplished the natural result which might reasonably be expected, escape the consequences by saying that the injured child should not have yielded to his curiosity. It is well known that there is nothing much more attractive to children than a pile of lumber or timber, especially one which affords opportunities for a seesaw. This, according to the findings, was what the defendants placed in the street in the present case, so arranged that the heavy timbers would almost immediately fall when the childish amusement commenced. We think there was ample room for the jury to find, as they did, that the act of leaving the timber in the highway in this condition was actionable negligence, and that the result which followed was one which might reasonably have been anticipated by an ordinarily prudent man under the circumstances; and we also hold that the fact that the child turned aside from traveling to play for a brief time in the highway does not necessarily prevent a recovery."

In Gibson v. City of Huntington, 38 W. Va. 177, 18 S. E. 447, 22 L. R. A. 561, 45 Am. St. Rep. 853, a child four years five months old was killed by the falling of an embankment which had been left along the street as a barrier to keep travelers from driving into an adjacent creek. When killed, the child was playing on the side of that street. The city contended that the child was a trespasser, making an unlawful use of the street by playing therein. The court said not, using this language:

"Was the child using the road for a lawful purpose? Children are not responsible for the choice of their parents, nor the place or condition of their birth. God decides these for them when he breathes into them the breath of life. Poor parents are unable to provide a place of healthful exercise and play for their children, but it requires all their earnings to clothe, feed, and shelter them. The law prohibits them, under the penalty of being trespassers, from entering on the lands of others;

.and now to forbid them to use the road to its utmost boundary for the purpose of play, when not interfering in any manner with the travel-· ing public, would savor too much of the dark ages of barbarism, when children were subjected to inhuman and diabolical punishments, and their lives were at the mercy of those having charge over them. It is the only commons they now have, and to confine them in the narrow limits·of their cheerless tenement houses would be cruel, unjust, and oppressive, blight their young lives, and render their bodies weak, sickly, scrofulous, and vile; and, if they could manage to escape the long list of contagious diseases so fatal to their kind they would grow up to adult age morbidly despising laws so tyrannous and unworthy a civilized and liberty loving people. It is a right they have immemorially enjoyed, and should continue so to do as long as the public fails to provide them other free commons, where they can have the pure air, bright sunshine, and sportive exercise so necessary to the healthful growth of their sensitive bodies. Horses, cattle, hogs, dogs, and other domestic animals, are all at large in the streets, unless prohibited by special ordinance, and why not children? The public highways can be put to no better use. So I am clearly·of the opinion the child had the right to be there, even though out of the beaten path, and only for play. Neither was it old enough to realize the danger it was in, or the dangerous condition of the embankment, and could not possibly be guilty of contributory negligence."

In the case of Powers v. Harlow, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154, an eight year old boy was tempted to take a few steps aside from his path and to handle some explosive caps which exploded and injured him. It seems that the danger of such explosion was not apparent to him. The Supreme Court of Michigan held that the boy could recover. The opinion of the·court was written by Chief Justice Cooley, one of the most eminent jurists of all time. In passing upon the case, this learned judge said:

"The moving about of the children upon the land where they were at liberty to go, while they were not actually employed, was as much an incident to their being there as is the loitering or playing by children outside the traveled part of the highway as they go upon it to school or upon errands. Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution toward them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children any thing which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken."

We deem it unnecessary to quote from any further authorities in fact cases similar ·to the case at bar. We realize that authorities in the United States are not uniform upon the point under consideration. But we do feel that the great weight of authority sustains our position in holding that, under the facts of this particular case, the cause should have been submitted to a jury. In fact, the Court of Civil Appeals, in effect, concedes that the authorities of other states seem to support the views urged by counsel for plaintiff in error. But the Court of Civil Appeals then goes on to say that it thinks the Texas cases are to the contrary. We do not think so. The Court of Civil Appeals relied largely upon several decisions of the Supreme Court of Texas which are commonly known as the· "turn table" cases. These cases are essentially different in their facts from the case· at bar. The dangerous apparatus in those· cases was always situated wholly upon the property of the defendant. We think the situation is entirely different where attractive nuisances, or attractive structures of any kind, are placed upon or adjoining sidewalks and streets where children are accustomed to play and walk, and where they might be tempted to play upon such structures.

In the very case of Railway Co. v. Edwards, 90 Tex. 65, 36 S. W. 430, 32 L. R. A. 825, cited by the Court of Civil Appeals, Chief Justice Gaines uses this very significant language:

"Liability may be incurred by making an ex-cavation upon one's own land sufficiently near a street or highway that another may, in the exercise of reasonable care fall into it or by exposing dangerous machinery or appliances in or near some public place, whereby one, without fault on his part, may be injured. Especially' in the latter case may liability be incurred when children are the victims. . Until they have learned some discretion, they cannot be held guilty of contributory negligence. Lynch v. Nurdin, 1 Q. B. 29, is a case of ·this class. There the 'defendant negligently left a cart unattended; the plaintiff, a child of seven,. got upon the cart in play; another child incautiously led the horse on, and the plaintiff was thereby thrown down and hurt. It was held the plaintiff could recover.' There are numerous American decisions which proceed upon the same principle."

The learned Chief Justice, aforesaid, then went on immediately to say that, with reference to children, there is still another class, of cases which go a step further. He then, refers to the so-called "turn table" cases. Chief Justice Gaines realized, we think, that a situation might arise just ·like the one we· have in the case at bar. We think he intend-ed to say, even at that time, that liability might attach under such a state of facts.

Furthermore, even if· the theory of the· "turn table" cases is applicable, even in part, to the case at bar, then we are inclined to think· that, in so far as they are applicable, there would be liability in the instant case. We say this for the reason that the latest expression from the Supreme Court of our

state upon this doctrine is in the very recent case of McCoy v. Texas Power & Light Co. (Tex. Com. App.) 239 S. W. 1105. The opinion in the McCoy Case was written a little more than one year ago and after the Court of Civil Appeals wrote its opinion in the instant case. In that case the Supreme Court approved the action of the Commission of Appeals in holding that the facts there pleaded made out a case which should be submitted to the jury. In that case, a boy fourteen years of age, in play or from the standpoint of curiosity, went on the right of way of the light company and climbed a light tower. In doing so he was killed. We feel certain that the case at bar is a very much stronger case for the plaintiff than was the McCoy Case. For instance, in the McCoy Case, the boy went upon the private property of the light company. In the case at bar, the attractive structure was situated partly upon a public sidewalk, and when the boy was injured he was over the sidewalk and trying to get down on a public sidewalk. He had a perfect right to be on the sidewalk. Again, if it can be held that a metallic electric tower would attract a fourteen year old boy, and appeal to him as a good opportunity for climbing, then it seems to us that a stack of ties, five or six feet high, might, with equal reason, similarly attract a seven year old boy. Therefore we think our views in the instant case are in harmony with the latest decision of the Supreme Court in the "turn table" cases, even though the stack of ties had been entirely upon the private property of the construction company or upon property exclusively in their control temporarily. But, as already shown, this case is not strictly within the rules of the "turn table" cases and is in a different class in a large measure.

[6] Summing it up briefly, we think the construction company should have contemplated that this stack of ties on a public sidewalk in the residential section of a city might attract a seven year old boy to such an extent as to cause him to climb thereon and play for a while. Furthermore, that so contemplating it, the company should have stacked the ties in a reasonably safe manner for such a usage of them. We think there is evidence to warrant a jury in finding the company liable in this case. We feel that the cause should be submitted to a jury.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.