## MAGILL v. McDONALD. (No. 28.)

Court of Civil Appeals of Texas. Eastland. March 25, 1927.

Rehearing Denied April 22, 1927.

1. **Appeal and error** ⟬➾927(7)—On appeal from judgment on instructed verdict, court must consider only evidence favorable to appellee.

On appeal from judgment on instructed verdict for defendant, appellate court must consider only evidence favorable to plaintiff's contention, discarding all evidence to contrary, and no question of preponderance of evidence is involved.

2. **Trial** ⟬➾139(1)—Peremptory instruction for defendant should be refused, if relevant evidence favorable to plaintiff is sufficient to support verdict for him.

If relevant evidence favorable to plaintiff, discarding all favorable to defendant, is sufficient to support verdict for plaintiff, peremptory instruction for defendant should be refused.

Appeal from Comanche County Court; R. A. Luker, Judge.

Action by John P. Magill against S. McDonald. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Callaway & Callaway, of Comanche, for appellant.

Geo. E. Smith, of Comanche, for appellee.

LESLIE, J. This suit was brought by John P. Magill, plaintiff below, in the county court of Comanche county, against S. McDonald, for damages growing out of an alleged breach of a contract on the part of the said McDonald. As alleged, the substance of the contract was that the said Magill had entered into a contract with McDonald, by the terms of which he was to purchase cotton for said McDonald for a period of nine months on a salary of $200 per month and traveling expenses. It is alleged that his services for McDonald began September 1, 1921, and continued until February 15, 1922, when McDonald notified him that his services would be no longer needed and discharged him, without a right so to do. Plaintiff sought recovery of balance of the contractual salary and certain expenses.

Appellee, McDonald, defendant below, entered a general denial, and advanced the defense that the contract of employment was for $200 a month for nine months, with the understanding that Magill's services were to be satisfactory to him. Appellee further contended that for various good and sufficient reasons Magill's services became unsatisfactory and unprofitable to him, thus warranting his discharge.

At the conclusion of the testimony the defendant below moved for an instructed verdict in his behalf, and the same was granted by the court and judgment entered thereon. From this action of the court an appeal is prosecuted.

[1] There is but one assignment of error in the record, and it assails the action of the court above indicated. This calls for a careful review of the testimony presented in the trial court, and this court must consider only the evidence favorable to plaintiff's contention, discarding all evidence to the contrary, and, in doing so, no question of a preponderance of the evidence is involved. Stewart et al. v. Miller et al. (Tex. Civ. App.) 271 S. W. 311. The facts in evidence where there is an instructed verdict must be considered upon appeal in the most favorable light for the losing party. Charles v. El Paso Electric Ry. Co. et al. (Tex. Com. App.) 254 S. W. 1094.

[2] If the evidence bearing upon the issues which was favorable to the plaintiff, discarding all that was favorable to the defendant, was sufficient to support a verdict in favor of the plaintiff, Magill, had such issue or issues been submitted to the jury and by it resolved in his favor, then the requested charge for a peremptory instruction to the jury should have been refused. Progressive Lbr. Co. v. Marshall & E. T. Ry. Co., 106 Tex. 12, 155 S. W. 176. The above principles, as set forth in the authorities cited, constitute the legal standard or unit of measure applicable to the testimony before a court in determining the court's action and duty with regard to a request for an instructed verdict. This standard or test of the law must be applied to the record before us.

It will serve no useful purpose to set out at length the testimony offered in the court below, but suffice it to say that it has all been read and carefully considered, and we believe that when tested by the standards above indicated and which are binding upon this court, we are impelled to the conclusion that the issues raised by the pleading and the testimony should have been presented, under appropriate instructions, to the jury for their determination.

So believing, the appellant's assignment complaining of the peremptory instruction and the verdict and judgment following the same is sustained, and the judgment of the trial court is reversed and this cause remanded for another trial.

─────────────────────────

⟬➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes