644

USLETTEN, Respondent, v. CITY OF BROOKINGS et al, Appellants.

(222 N. W. 268.)

(File No. 6595.   Opinion filed December 4, 1928.)

Cheever & Cheever, of Brookings, for Appellant City.

Bogue & Bogue, of Parker, for Appellant Grimm.

Hall, Purdy & Eidem, of Brookings, for Respondent.

BROWN, J.   Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and from an order overruling the demurrer they appeal.

The complaint alleges in substance that defendant Grimm owns a lot on the corner of Hain and Third streets in defendant city, on which he has a brick building, where he carries on a store business; that in the sidewalk on Third street, alongside the building, Grimm has an open cellarway, guarded by an iron railing constructed many years ago, the top rail of which had been broken off about a year before the injury to plaintiff for which the action is brought; that this rail was put back on, but insecurely fastened at the ends in a negligent and careless manner, with old rusty wire; that plaintiff, not knowing of the insecurity of the railing, while passing along the street, met one with whom he stopped to converse, and while thus engaged he leaned lightly against the railing, which

gave way and he was precipitated backward to the bottom of the cellarway, a depth of 8 feet, fracturing his skull and injuring his spine; that defendants were negligent in permitting the open cellarway to be maintained without a secure and sufficient railing; and that within 60 days after the injury there was served on defendant city written notice of the time, place, and manner of the injury, as provided by Rev. Code 1919, § 6339.

Appellants contend that, in leaning against the guard rail, plaintiff was not making a use of the sidewalk such as is usually contemplated, and therefore he cannot recover in this action, and cite Stickney v. Salem, 3 Allen (Mass.) 374, and other cases in support of this contention. While the primary purpose for which streets are established and maintained is for the use of the public for travel and transportation, it is not necessarily inconsistent with that use for persons meeting on a street to stop temporarily and talk to each other, so long as they do not thereby interfere with the reasonable use of the street by others. We think it is a question for a jury, in each particular case, whether or not one who has stopped on the street for casual conversation, is, by leaning against a railing guarding a cellarway at the place where he has stopped, so far deviating from traveling purposes as to preclude a recovery from the municipality for injury sustained in consequence of the railing giving way, due to negligence imputable to the municipality. Mayor & Council of Jackson v. Boone, 93 Ga. 662, 20 S. E. 46; Langlois v. Cohoes, 58 Hun 226, 11 N. Y. S. 908; City of Wainwright v. Taylor, 23 Tex. Civ. App. 486, 57 S. W. 311; District of Columbia v. Washington, 44 App. D. C. 120, L. R. A. 1916C, 379.

The complaint states a cause of action, and the order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.