USLETTEN, Respondent, v. CITY OF BROOKINGS, et al, Appellants.

(235 N. W. 705.)

(File No. 6975. Opinion filed April 6, 1931.)

*Cheever, Collins & Cheever,* of Brookings, and *Bogue & Bogue,* of Parker, for Appellants.

*Hall & Eidem,* of Brookings, for Respondent.

POLLEY, P. J. This action was brought for the recovery of damages for injuries suffered by plaintiff when he fell into an opening in the sidewalk on one of the streets in the city of Brookings. The case was once here on an appeal from an order overruling defendants' demurrer to plaintiff's complaint, and is reported in 53 S. D. 644, 222 N. W. 268. Reference is made to that report for a statement of the facts involved. Defendants answered, and, in addition to the contention they made in support of their demurrer, claimed that, in stopping on the sidewalk and leaning against the railing around the said opening therein, plaintiff was making an improper use of the sidewalk, and for that reason he could not recover. They allege also that, in leaning against the railing without first ascertaining whether it was sufficiently strong to support his weight, plaintiff was, as a matter of law, guilty of such contributory negligence as to preclude him from recovering for the injuries he suffered when the railing gave way and let him fall into the opening. Upon this question on the former appeal, we said:

"While the primary purpose for which streets are established and maintained is for the use of the public for travel and transportation, it is not necessarily inconsistent with that use for persons

meeting on a street to stop temporarily and talk to each other, so long as they do not thereby interfere with the reasonable use of the street by others. We think it is a question for a jury, in each particular case, whether or not one who has stopped on the street for casual conversation, is, by leaning against a railing guarding a cellarway at the place where he has stopped, so far deviating from traveling purposes as to preclude a recovery from the municipality for injury sustained in consequence of the railing giving way, due to negligence imputable to the municipality"—citing Mayor & Council of Jackson v. Boone, 93 Ga. 662, 20 S. E. 46; Langlois v. Cohoes, 58 Hun, 226, 11 N. Y. S. 908; City of Whitewright v. Taylor, 23 Tex. Civ. App. 486, 57 S. W. 311; District of Columbia v. Washington, 44 App. D. C. 120, L. R. A. 1916C, 379.

We believe the evidence taken at the trial is sufficient to prove the material allegations of the complaint, and, pursuant to the above ruling of this court on the former appeal, the trial court charged the jury as follows:

"While the primary purpose for which streets and sidewalks are established and maintained is for the use of travel and transportation, it is not necessarily inconsistent with that use for persons meeting on the streets to stop temporarily and talk to each other, so long as they do not thereby interfere with the use of the street by others, and it is a question for you to decide whether or not under all the facts and circumstances shown in this case, the plaintiff, with the knowledge that he had or should have had, of the condition of the guard rail was guilty of contributory negligence in stopping and leaning against the rail in the manner shown by the evidence. And if you find from the evidence that the plaintiff himself was guilty of negligence, which was the proximate cause of the injury or that the plaintiff failed to use ordinary care for his own safety, and that his own negligence contributed to the injury, and that but for his own negligence he would not have been injured, then your verdict shall be for the defendants."

Appellants excepted to a number of the instructions given by the court, and also excepted to the rulings of the court in refusing to give certain instructions requested by them; and a considerable number of assignments are predicated upon these exceptions. After a careful consideration of these assignments, we are satisfied that appellants were not prejudiced by any of the rulings complained of.

While a number of the requested instructions correctly stated the law, they, in substance at least, were incorporated in the instructions given by the court. A number of appellant's assignments are predicated on the rulings of the trial court in the reception and exclusion of evidence at the trial. Upon an examination of these assignments, we find that, with two exceptions, none of them possess sufficient merit to warrant special consideration. During the trial plaintiff offered, and the court received in evidence, the following allegation contained in the answer of each of the defendants:

"That the plaintiff knew and had opportunity to know that if a person leaned or pressed heavily enough against said top iron rail, especially from the south or outside, he would be likely to push the end of the said top iron guard rail out of such semicircular bracket or sleeve and thus. leave only the said wire to support and hold the broken ends of the said guard rail."

The purpose of this offer was to show the knowledge of the defendants as to the condition of the railing at and prior to the time of the injury to the plaintiff. This offer was objected to by defendants on the ground, "that it is incompetent, irrelevant and immaterial; not proper cross-examination; no proper foundation laid for its introduction in evidence, it now appearing that the answer is not verified by the defendant but that it is verified by his attorneys; it does not appear that the witness knows what is in the answer; it is wholly incompetent, irrelevant and immaterial for any purpose in this case and if received would be prejudicial error."

The objection was overruled, and the evidence was received. Defendant then moved to strike out this evidence "for all the reasons urged in the objection, and on the further ground that it is prejudicial, not binding upon the defendants in this case, and is offered for the purpose of prejudice and not for the purpose of evidence." This objection should have been sustained for want of proper foundation. The answer was both signed and verified by defendant's attorney, and it does not appear that the defendant had read the answer or knew what it contained. But we are unable to see how the ruling of the court in the admission of this evidence prejudiced the appellants. The purpose of the introduction of this evidence was to show knowledge on the part of the defendants of the condition of the railing at, and for some time prior to,

the injury. But this evidence was wholly unnecessary for this purpose. There was an abundance of evidence aside from this allegation in defendants' answers to show this knowledge on the part of defendants.

 While on the witness stand, one of defendants' witnesses described the iron post and the broken flange or support that supported the railing where plaintiff was injured. He then said: "I have a post that is similar to the iron posts that were used to support those rails, here in court."

Counsel for defendants then directed the witness to "get that post, demonstrate, if you have a piece of wire, just how you repaired that rail in May, 1926, so that they [the jury] may have a clear idea of what repair was made." This was objected to on the ground that it was "incompetent and immaterial, and not a demonstration that is permissible, that the statement of the witness as given upon the stand cannot be supplemented by a demonstration. That would be improper, it does not purport to be the same post, and he is doing it from memory." The objection was sustained, and error is assigned. The objection was properly sustained. In the first place, it is not claimed that the witness had one of the posts that had been used to support the railing or that there was any defect in the posts that had been used. It was the broken flange that had been fastened to the post that permitted the railing to fall, and this flange the witness did not purport to have. In the second place, if error was committed, it was cured by permitting the jury to view the premises where the injury occurred. The jury had an opportunity to see the very posts that were used.

█ Lastly, appellants contend that the verdict is so large in amount that it is apparent that it is the result of prejudice or passion on the part of the jury. The verdict is for $6,000. While the amount is large, plaintiff's injury was very severe and probably permanent. At the time of the injury, plaintiff was about 63 years old. He was a stone mason and plasterer by trade. He was capable of earning eight to ten dollars per day at his trade, and was earning enough to support himself and family. Since his injury, he has not been able to work at his trade nor to earn enough to support his family at any other work. We do not think that the verdict should be reduced nor that the judgment should be reversed.

The judgment and order appealed from are affirmed.

ROBERTS and WARREN, JJ., concur.

RUDOLPH, J., not sitting.

CAMPBELL, J. (dissenting). I think the evidence herein (as distinguished from the allegations of the complaint in Usletten v. City of Brookings, 53 S. D. 644, 222 N. W. 268) shows respondent was contributorily negligent as a matter of law. I think, therefore, that there should be a reversal, with directions for entry of judgment pursuant to appellants' motion for judgment non obstante.