## McCUISTION v. JAMES et al.
### No. 3721.

Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1932.

Rehearing Denied Feb. 24, 1932.

Kinney & Ritchey, of Miami, for appellant.

R. E. Stalcup, of Dalhart, for appellees.

### HALL, C. J.

The James Ranch Company, a corporation, owned a certain section of land in Dallam county early in the year 1930. The appellee A. M. James, who was an officer in the corporation, had the section leased for farming purposes for that year, and under his contract with the corporation he was entitled to all of the crop raised on the land because it was the first crop planted thereon. Early in the season he entered into a contract with John Winds, in virtue of which Winds was to perform certain labor, and James was obligated to furnish certain farm implements and machinery and pay a part of the expenses incident to planting, cultivating, and harvesting the crop. Thereafter, in May, 1930, the appellant, McCuistion, purchased the section from the James Ranch Company. At that time James had paid Winds, under their partnership agreement, $232.50. The record discloses that McCuistion was buying this section of land for the purpose of selling it to H. A. Basey on the crop payment plan, viz. Basey obligated himself to pay McCuistion one-half of the gross income received from crops raised on the land for the succeeding seven years, including the year 1930. In order to effectuate the sale to Basey, it became necessary for Basey, first, to acquire the one-half interest of James in the crop for that year. Both of these deals were consummated, and in the month of July it appeared that on account of drought conditions the crop would be a failure. Basey abandoned the crop, and refused to pay Winds any amount on the expenses which had accrued since he purchased the crop from James. James demanded that he pay these sums, and, upon Winds' refusal, James paid the latter the sum of $511.21, which was the amount then due from Basey to Winds. James then took possession of one-half interest in the crop, completed the cultivation, harvesting and marketing the same, and retained the proceeds.

Later, on January 23, 1931, Basey filed suit in the district court of Dallam county against James and Winds to recover one-half of the crop, secured a writ of sequestration, which was issued and levied on the property, and later the property was replevied by James with Winds and L. C. Koontz as sureties on the bond.

McCuistion intervened in the suit, claiming one-half of the crop which belonged to Basey under the latter's contract with him, and alleged that James had sold his interest to Basey, and had no authority to pay the amount due by Basey to Winds or to take over Basey's interest in the crop. James defended on the ground that his sale to Basey was conditional; that he had a right to pay his portion of the expenses upon Basey's default and to take possession of one-half of the crop belonging to Basey.

It was agreed that Basey's one-half interest in the crop was of the value of $1,368; that James had paid to Winds, as Basey's one-half of the expenses, $513.21, including protest fees.

Basey prayed for judgment against James and Winds upon the ground that they had converted his share of the crop, and also prayed for judgment against Winds and Koontz as sureties on the replevy bond of James. The intervener McCuistion prayed for judgment against Basey and against James and Winds for his interest in the crop, which he alleged to be of the value of $1,800.

The case was submitted to the jury upon two special issues. The findings of the jury in response to the issues are: (1) That James' sale of his one-half interest in the crop to Basey was absolute and not a conditional sale; and (2) that prior to the 1st day of August, 1930, Basey had abandoned his rights to and his interest in the crop in question. The court rendered judgment that Basey take nothing by reason of his suit against the defendants James and Winds, but it does not dispose of the rights of the parties under the plea of intervention, except that McCuistion is decreed a recovery against Basey in the sum of $604.

There is no adjudication of the issues between McCuistion and the defendants James, Winds, or Koontz. The jury having found that the sale from James to Basey was absolute, and the testimony being uncontroverted to the effect that McCuistion was entitled to Basey's one-half interest in the crop, a material issue in the case has not been disposed of. By his pleadings James does not claim the right to be subrogated to the interest of Basey, and no issue was submitted to the jury upon that feature of the controversy. The judgment is therefore not final. 3 Tex. Jur. 105, § 53. There being no final judgment, the appeal must be dismissed.

In view of another trial, we call attention of the court and of counsel to the fact that, while no issue was submitted to the jury relative to the rights of McCuistion against Basey, the judgment contains an express finding by the court that McCuistion is entitled to recover against Basey the sum of $604, with interest. The trial judge was not authorized to make any such finding.

As stated in Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708, 713, and

numerous other authorities: "We think it is now the settled rule in this state that where special issues have been submitted to the jury and findings made thereon that the trial court, under the statutes and decisions, if the facts justified it, could find on such omitted issues as are in accord with, and supplemental or incidental to, and which support the issues of fact which were submitted and found by the jury and upon which the judgment is based; but we do not believe that the court would have authority to make findings upon independent grounds of recovery or grounds of defense wholly neglected and ignored by the parties to the suit, and support a judgment upon such findings in the face of the issues submitted, and regardless of the findings by the jury, and upon issues which under reason and the statutes should be held to have been waived."

Because no final judgment has been entered in the court below disposing of all the issues and parties, the judgment is reversed, and the appeal is dismissed.