## GUITAR TRUST ESTATE v. KEITH.
### No. 1298—5786.

Commission of Appeals of Texas, Section B.
Jan. 6, 1932.

Touchstone, Wight, Gormley & Price and Robert B. Holland, all of Dallas, for plaintiff in error.

Scarborough, Ely & King, of Abilene, for defendant in error.

SHORT, P. J.

James Albert Keith, a minor seven years of age, suffered serious injuries by having his feet burned in a pit wherein there was smouldering fire, located on a lot belonging to the plaintiff in error, who was the owner, and was operating a gin in the town of Big Spring. This pit was about fourteen feet square by six feet deep, and was located near a public street on one side and a public alley on another. It was constructed and used by the plaintiff in error to place refuse, rubbish, and other like articles therein and burned. The fire, apparently, was kept continuously alive, but at the time of the incident involved in this lawsuit the bottom of the pit was apparently covered by ashes, though underneath the ashes was fire. Lying on the ashes was a burned out light globe, and the defendant in error, in passing along near this pit was either attracted by the pit, or at least was attracted by the light globe lying in the ashes in the bottom of the pit, and in an effort to get the light globe the defendant in error fell in the pit and, being barefooted and unable to protect himself, after falling into the pit, he was severely burned. He recovered damages in the sum of $3,750 in the district court of Taylor county where the case was tried to a jury on special issues. Upon appeal to the Court of Civil Appeals at Eastland, that court wrote an opinion reversing the judgment of the district court and remanded the cause for another trial, but upon consideration of the motion for rehearing it set aside this opinion, and Judge Leslie, speaking for the majority of the court, wrote an opinion affirming the judgment of the district court, while Judge Funderburk wrote a dissenting opinion, wherein he concluded in harmony with the opinion first written by the court. The opinion of Judge Leslie, who wrote for the majority, and that of Judge Funderburk, indicate clearly the various contentions of the parties, and the opinion of the majority sets out substantially all of the material allegations in the petition of the defendant in error. We refer to these two opinions for a more complete statement of the case. 27 S.W.(2d) 928, 930. The Supreme Court, in granting the application for the writ of error, made the notation that "we incline to the view that the judgment cannot be sustained under the findings of the jury."

The trial court judge, in his charge to the jury, after correctly defining the word "negligence" and the term "ordinary care," and also the terms "proximate cause" and "contributory negligence," submitted nine special issues, which, together with the an-

swers thereof, the Court of Civil Appeals summarized as follows:

"(1) That the location, construction, and use of the pit on defendant's gin lot was sufficiently near the street or alley as to make it dangerous for people passing along said street or alley at the time; (2) that there was a fire in the pit at the time of plaintiff's injuries; (3) that the fire was due to defendant's employees burning rubbish therein; (4) that the employees of the defendant were negligent in the location, construction, and use of the pit at the place it was constructed and used on the occasion of the child's injuries; (5) that such negligence was the proximate cause of James Albert Keith's injuries; (6) that he fell into the pit; (7) that he used that degree of care for his own safety that a child of his age, experience, and discretion would use under the same or similar circumstances; (9) that $3,750 would compensate James Albert Keith for the injuries sustained."

However, while there were no objections to the charge, the plaintiff in error, at the close of testimony, presented a motion to the court to instruct the jury in its favor, but the motion was refused. The Court of Civil Appeals, while declining to quote from the testimony, thus summarized its findings of fact.

"The pit was in an open space upon the defendant's property, and until the location and construction of same, the public, adults and children, appeared to have passed unrestrained over the place, and were still so using the adjacent portions of the lot. As ascertained by the surveyor or engineer, it was but 17 inches from an alley dedicated to the public for use, and being at the time used by the injured party when his attention was arrested and drawn to the pit and its contents. The pit was about 10 feet from a public street, and the dividing line between the street and alley and the defendant's private property was not marked, and was therefore unknown to the child and the public passing in or along the street or alley and over the property of the defendant. The child was of tender years, being but seven years of age, and aside from the consideration that the child's curiosity was possibly excited by a pit of considerable dimensions, it appears that the pit contained a discarded electrical fixture which arrested his attention and excited his desire. It also contained a discarded flashlight which had the same effect upon his companion of like immaturity."

In the application for the writ of error, the plaintiff in error presents thirteen assignments of error and several propositions. One of these propositions is as follows:

"In the trial of a case in which the plaintiff has attempted to allege three separate and distinct theories of liability, towit, first, that there is a path across the corner of defendant's property which the public had used for some time prior to the plaintiff's injuries, and that the plaintiff, in pursuing the path fell into the pit which defendant had constructed across the path; second, that the pit upon the defendant's premises, which was used for the purpose of burning refuse and trash from the defendant's gin, was attractive to children in general and to the plaintiff in particular, thereby drawing the plaintiff to the place of danger and resulting in his injuries; and third, that a pit was dug upon the defendant's premises so near an alley that it was dangerous to people using said alley; and in which special issues are submitted to the jury only as to the third theory of liability, and in which the plaintiff's own testimony as to the third theory of liability shows that the plaintiff is not entitled to recover on that theory because he was not attempting to use the street or alley at the time that he received his injuries, but had abandoned same, it is error for the trial court to render judgment in favor of the plaintiff."

It will be noted that all of the issues submitted to the jury relate only to one of these three separate and distinct theories of liability, which is the third theory stated in the proposition, to the effect that a pit was dug upon the premises of the defendant in error so near an alley or a street that there was danger to people using the same. The plaintiff in error contends that the testimony shows, without contradiction, defendant in error did not suffer the injuries sustained on account of the proximity of the pit either to the street or the alley, but, on the contrary, the testimony, without contradiction, shows that the defendant in error voluntarily left this street or alley, on which he had been traveling, and approached the pit and after reaching the edge of it, the dirt being loose, he fell into it, not because of the proximity of the pit to the street or alley, but because of the act of the defendant in error in going to the edge of the pit. As illustrative of this situation, upon direct examination, the defendant in error, among other things, testified as follows:

"Yes sir, I know where a pit is on the gin property. Yes, sir, I sure remember that pit.

"On the 27th of October last year, at the time I was visiting my grandmother, when I started to Leonard's Store, I did go by this pit. There was another boy with me, his name was Buddy Nations, he had red hair.

"When we got to this pit we stopped there. We saw something in the pit. I saw these light globes in the pit. No sir, I didn't get in the pit I fell in. I just went up there by the pit and I was going to get my light globes and it caved off under my feet and I fell in. No, sir, there wasn't any fire in the pit just some old hot coals."

■ It is the contention of the plaintiff in error that under the findings of the jury, in answer to the special issues, in the light of the uncontradicted testimony, the proximity of the pit to the alley and to the street did not constitute a proximate cause of the injuries received by the defendant in error on the occasion in question, and that therefore this judgment cannot be sustained, notwithstanding the pleadings may have been sufficient to state a cause of action under some other theory, and the testimony may have been sufficient to have sustained a finding supporting another theory. Speaking of the rule with reference to the duty of municipal corporations or of private individuals to protect the public against possible injuries by reason of the existence of excavations or other dangerous places upon the property of such corporations or individuals, we quote § 348, volume 13, Ruling Case Law, where this rule is thus stated:

"As a general rule, the duty of a municipal or quasi municipal corporation or of a private individual to guard excavations or other dangerous places, and the resulting liability for failure to do so exists only when they are substantially adjoining the way, or in such close proximity thereto as to be dangerous, under ordinary circumstances, to travelers thereon who are using ordinary care, or, as it is sometime stated, where they are so located that a person walking on the highway might, by making a false step, or being affected with a sudden giddiness fall into it."

Applying this rule to the uncontradicted testimony of this case, and especially the testimony of the defendant himself, which we have heretofore quoted, it is evident that while the location, construction, and use of the pit on defendant's gin lot was sufficiently near the street or alley as to make it dangerous for people passing along said street, yet, nevertheless, this proximity of the pit to the street or alley was not the proximate cause of the injuries received by the defendant in error. The testimony fails to show, even inferentially, that the defendant in error received the injuries on account of the proximity of the pit to the street or alley. On the contrary, the testimony shows with reasonable certainty that, had the defendant in error remained on the street or alley he happened to be using, he would not have fallen into the pit.

■■ But the counsel for defendant in error insists that notwithstanding this state of the record, with relation to the third theory upon which a cause of action is asserted in the petition, yet the court having rendered judgment for the defendant in error, it must be assumed that the trial judge found the other facts in harmony with some of the findings of fact by the jury supporting one or more of the other theories upon which a cause of action

is asserted in the petition, and that, giving this construction to the judgment, there is no error. It is true, the pleadings may be sufficient to state a cause of action based upon the second theory stated in the proposition heretofore quoted, and it may also be true that the testimony is sufficient to support a finding by the jury that the pit, as located, constructed, and used, was attractive to children in general and to defendant in error in particular, but the trial judge, in the absence of a finding to that effect by the jury, in answer to a special issue properly submitted, was not authorized to enter the judgment which was entered by finding as a fact that such pit was so attractive to the defendant in error as located, constructed, and used, even though this finding by the trial judge is in harmony with some of the findings of fact by the jury. While article 2190, R. S. 1925, among other things, provides that the "failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment," yet this language of the statute has been construed as failing to authorize the trial court to determine an issue which involves a complete ground of recovery, which was not submitted to the jury. In Montrief & Montrief v. Fort Worth Gas Co. et al., 4 S.W.(2d) 964, Judge Leddy of this Section of the Commission of Appeals cites with approval Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, in support of his statement, speaking of article 2190, saying: "This article of our statute, under the construction given it by our Supreme Court, does not authorize a trial court to determine an issue involving a complete ground of recovery which has not been submitted to the jury, but only applies to such omitted issues as are incidental to and support the issues of fact which are submitted and found by the jury."

In Dallas Hotel Co. v. Davison, 23 S.W.(2d) 708, 713, Judge Sharp of Section A of the Commission of Appeals, in an opinion, the holdings of which were especially approved by the Supreme Court in construing this article, uses this language:

"We think it is now the settled rule in this state that where special issues have been submitted to the jury and findings made thereon that the trial court, under the statutes and decisions, if the facts justified it, could find on such omitted issues as are in accord with, and supplemental or incidental to, and which support the issues of fact which were submitted and found by the jury and upon which the judgment is based; but we do not believe that the court would have authority to make findings upon independent grounds of recovery or grounds of defense wholly neglected and ignored by the parties to the suit, and support a judgment upon such findings in the

face of the issues submitted, and regardless of the findings by the jury, and upon issues which under reason and the statutes should be held to have been waived." Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210.

The fundamental principle underlying the reason for this construction of this article is that, in a case where a jury has been impaneled, each litigant has the legal right to have the jury pass upon the ultimate issues of fact made by the testimony, which constitute either an independent ground of recovery or a ground of defense, the findings of which would form the basis of a judgment. And in this case, in considering whether the plaintiff in error was entitled to an instructed verdict, the refusal of which by the trial court, whose action has been approved by the Court of Civil Appeals, it is essential for the Supreme Court to determine whether there is any evidence of a substantial nature which supports each material fact necessary to constitute a cause of action as plead. We have examined the statement of facts and have been unable to find any evidence to support the answer to the fifth question, which is to the effect that the negligence established by the other findings was the proximate cause of the injuries inflicted upon the defendant in error, even though it may be conceded that the plaintiff in error was guilty of negligence in locating, constructing, and using the pit on its gin lot so near the street or alley as to make it dangerous for people passing along the street or alley at the time the defendant in error was injured, since, as we have heretofore shown, by quoting some of the testimony of the defendant in error himself, that the proximity of the pit to the street or alley was not the proximate cause of his having fallen into the pit. In the absence of such testimony this finding cannot be sustained and, it being essential to the support of the judgment, it necessarily follows that the request for an instructed verdict should have been granted. We therefore sustain the proposition heretofore quoted.

Assuming that the petition of the defendant in error is sufficient as against a general demurrer to state a cause of action in his favor, under the attractive nuisance doctrine, as discussed in Duron v. Beaumont Iron Works (Tex. Com. App.) 7 S.W.(2d) 867, in view of the nature, condition, location, construction, and use of the pit, and further assuming that the testimony is sufficient to support a finding in his favor by a jury, in answer to a properly constructed question by the court (though we do not pass upon the sufficiency of the pleading or of the testimony, since it is not necessary to a decision of the questions presented by this appeal), because it is apparent that this cause of action may, upon another trial under proper pleadings, be fully sustained by testimony, in view of the findings of fact by the Court of Civil Appeals, we recommend that, instead of reversing the judgments of the Court of Civil Appeals and of the trial court and rendering judgment for the plaintiff in error, said judgments be reversed, and the cause remanded for a new trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.