### GRAYBURG OIL CO. v. BOTHAGER MOTOR CO.

### No. 7894.

Court of Civil Appeals of Texas. Austin.

Jan. 2, 1934.

Ingrum & Morris and Sawnie B. Smith, all of San Antonio, for appellant.

Hardy Hollers, of Austin, for appellee.

BAUGH, Justice.

Appellant sued appellee upon a verified open account for $238.66. Appellee pleaded a cross-action against appellant in the sum of $228.16 for merchandise, parts, and repairs to the trucks of appellant used in the operation of its business. Appellant, in addition to exceptions and a general denial to such cross-action, specially denied that G. M. Bailey, who incurred a part of this account on its behalf, was its agent, or had authority to incur same against it.

Trial was to a jury on special issues. Only two issues were submitted: First, whether or not Bailey was the agent of appellant; which was answered in the affirmative.

Second, "How much money, if any, does the defendant, Bothager Motor Company, owe the plaintiff, Grayburg Oil Company?"

To this question the jury answered, $10.03; and the trial court rendered judgment in favor of appellant for this amount.

Though several propositions are presented, the single contention is made that appellant's account for $238.66 not being denied, and the amount of appellee's counterclaim being controverted by appellant, but not submitted to the jury, the trial court should have rendered judgment in favor of appellant for the full amount of its verified account. That is, to sustain the judgment, an affirmative finding on the amount of the appellee's account against the appellant was essential, citing Guitar Trust Estate v. Keith (Tex. Com. App.)

45 S.W.(2d) 190. This contention is not sustained.

The rule announced in that case under the provisions of article 2190, R. S. 1925 (amended by Acts 1931, c. 78, § 1 [Vernon's Ann. Civ. St. art. 2190]), as laid down in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and subsequent cases applying it, is well settled. In this case the account of appellant was admitted. Other than the agency of Bailey, the sole issue involved was merely a matter of balancing the respective accounts of the parties. The items of the account of appellee against the appellant apparently were not controverted as to amount. The chief, if not only, defense against same urged by appellant was that Bailey was not its agent and not authorized to bind it. This issue was submitted to the jury and found against the appellant; and the evidence was clearly sufficient to sustain that finding. The appellant made no objections to the issues as submitted, and made no request for the submission of any other issues; nor did it object to the admission of any testimony upon the issues made. Under such circumstances, the jury was clearly required in answering the question submitted to determine what sum appellant owed appellee, and to deduct that sum from the amount appellee owed the appellant. The correctness of appellant's account not being denied, the result is the same as if appellee's counterclaim had been submitted separately to the jury, and the court had rendered the judgment based upon their finding thereon. The jury could have arrived at its finding in no other way than by finding that appellant owed appellee the amount claimed by it as an offset to appellant's account. In discussing a similar question involving the same issues, it was stated in Lively v. Ketner (Tex. Civ. App.) 268 S. W. 765, 766:

"The appellant complains of the judgment because it is based upon the verdict of the jury to issue No. 2, submitting to them the issue as to the indebtedness of Lively to Fields alone, in the absence of an affirmative finding as to the amount of Fields' indebtedness to Lively. As stated above, the appellant did not submit to the court any written request for the submission of that issue to the jury; hence he cannot complain for the lack of an affirmative finding on that issue. In addition, in the absence of such request, the trial court and jury had the right to offset any debt of plaintiff against the debt of defendant, and to strike a balance in favor of the party whose debt exceeded the other. So far as the record discloses in this case, this is what was apparently done. The court, seeing the excess of the claim of defendant over that of plaintiff, which, if the jury allowed it, would greatly exceed plaintiff's claim, submitted the matter in the form he did. There was no error in this in the absence of a request for an affirmative finding upon the issue of Fields' indebtedness to Lively. Thompson v. Fleming (Tex. Civ. App.) 200 S. W. 1135."

Judgment of the trial court, is therefore, affirmed.

Affirmed.